COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

SERGIO CESAR OLVERA,                                 )

                                                                              )              
No.  08-04-00189-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
248th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Harris County, Texas

Appellee.                           )

                                                                              )                    (TC# 954983)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Sergio Cesar
Olvera attempts to appeal a judgment revoking community supervision.  On July 31, 2003, upon Appellant=s guilty plea, Appellant was convicted
of driving while intoxicated, third offense and sentenced to 3 years= confinement, probated to 3 years= of community supervision.  On May 3, 2004, the State filed a motion to
revoke community supervision.  On May 12,
2004, Appellant pled true to the State=s
motion, and in accordance with his plea agreement, the trial court sentenced
Appellant to 2 years=
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice.  Finding that Appellant has no
right of appeal, we dismiss the appeal.








Rule 25.2(a)(2) governs the
defendant=s right
to appeal in a criminal case:

 

A defendant in a
criminal case has the right of appeal under Code of Criminal Procedure article
44.02 and these rules.  The trial court
shall enter a certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.[1]  In a plea bargain case--that is, a case in
which the defendant=s plea of
guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:

 

(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

On May 26, 2004,
Appellant filed his pro se notice of appeal.  On July 20, 2004, this clerk=s office notified Appellant that the
trial court has indicated in the court=s
certification that this is a plea-bargain case and Appellant has no right of
appeal.  The record supports the trial
court=s
certification.

Article 44.02 of the Texas Code of
Criminal Procedure provides:

A defendant in any
criminal action has the right of appeal under the rules hereinafter prescribed,
provided, however, before the defendant who has been convicted upon either his
plea of guilty or plea of nolo contendere before the court and the court, upon
the election of the defendant, assesses punishment and the punishment does not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant and his attorney may prosecute his appeal, he must have permission of
the trial court, except on those matters which have been raised by written
motion filed prior to trial.  This
article in no way affects appeals pursuant to Article 44.17 of this chapter.

 

Tex.Code
Crim.Proc.Ann. art. 44.02 (Vernon 1979).








Because the trial
court did not give Appellant permission to appeal, Appellant has no right of
appeal.  Accordingly, the appeal is
dismissed.

 

 

September
2, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
Rule 25.2(d) requires that the trial court certify whether the defendant has a
right of appeal under Rule 25.2(a)(2).  See
Tex.R.App.P. 25.2(d).